# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MARIO ROQUE,

    Petitioner,

vs.

JOHN AULT,

    Respondent.

No. C 06-0128-MWB

**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The § 2254 Petition* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Report and Recommendation* . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. Roque's Objections* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
      1.   *Second and third objections: Deference due state court determinations* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      2.   *First and fourth objections: Denial of staff assistance* . . . . . . 8
         a.   *Scope of Roque's claim of denial of staff assistance* . . . 8
         b.   *Analysis of the claim* . . . . . . . . . . . . . . . . . . . . . . . . 9
   i.   *When staff assistance is required* . . . . . . . . . . . . . . . . . . . . . . . . 9
            ii.   *Need for staff assistance based on language difficulties* . . . . . . . . . . . . . . . . . . . . . . . . . 10
            iii.   *Need for staff assistance based on mental health problems.* . . . . . . . . . . . . . . . . . . . . . . . . . 12
         c.   *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Petitioner Mario Roque's September 21, 2006, *pro se* Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (docket no. 3) comes before the court pursuant to the January 14, 2009, Report and Recommendation (docket no. 42) by Chief United States Magistrate Judge Paul A Zoss recommending that the Petition be denied. Roque, now represented by counsel, filed his Objections To Report and Recommendation (docket no. 45) on February 11, 2009, and the respondent filed a Resistance To Petitioner's Objections To Report and Recommendation (docket no. 46) on February 26, 2009.

## I. INTRODUCTION
### A. The § 2254 Petition

In his Petition, as clarified by appointed counsel in the course of an evidentiary hearing before Judge Zoss on June 12, 2008, and a Trial Brief (docket no. 39) filed on July 31, 2008, Roque alleges that he was improperly denied staff assistance, including an interpreter, despite his lack of command of English and his mental health problems,[1] in

---

[1] Roque's *pro se* Petition adequately asserts constitutional violations based on denial of staff assistance or counsel substitute in the disciplinary proceedings despite his lack of command of English. The *pro se* Petition does not, however, mention his mental health as another ground on which he should have been provided with staff assistance or counsel substitute. Allegations that his mental health warranted staff assistance or counsel substitute in the disciplinary proceedings are squarely presented in counsel's Trial Brief, however. Respondent did not assert, and Judge Zoss did not find, that a claim based on
(continued…)

connection with prison disciplinary proceedings based on reported rule violations on November 30, 2004, and February 6, 2005, which resulted, *inter alia*, in the loss of "earned time." He also contends that the state post-conviction relief proceedings, in which he sought review of the disciplinary rulings, were so unfair that the federal court should resolve the case *de novo*, without deference to the state court's determination.

### B. *The Report and Recommendation*

In his Report and Recommendation, Judge Zoss concluded, first, that Roque had failed to rebut the presumption of correctness of state court findings of fact by clear and convincing evidence, as to the factual findings of either the state post-conviction relief court or the administrative law judge (ALJ) in the prison disciplinary proceedings, so that Judge Zoss deferred to those findings, rather than performing a *de novo* review of the record. However, Judge Zoss also noted that, even if he were to perform a *de novo* review, he would reach the same conclusion as did the state court that Roque's claims for post-conviction relief should be denied.

Judge Zoss also found that Roque had failed to show that the state court's adjudication of his claims was either contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d). Somewhat more specifically, Judge Zoss found that the record supported findings that Roque had violated

---

[1](…continued)
mental health was untimely, unexhausted, or otherwise waived. Therefore, the court finds that Roque's *pro se* Petition has been effectively amended by consent to assert a claim of denial of staff assistance despite his mental health problems.

3

prison rules and that the record did not show that Roque had requested an interpreter at the hearings on either of the disciplinary reports, so that there was nothing in the record to suggest that the ALJ should have known that Roque wanted or needed an interpreter. Judge Zoss also rejected Roque's contention that counsel substitute, pursuant to *Wolff v. McDonnell*, 418 U.S. 539 (1974), was required to assist Roque, because Roque never requested counsel substitute, and the charges were straightforward

For these reasons, Judge Zoss recommended that Roque's Petition be denied.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation).  While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the

4

district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

### B. *Roque's Objections*

Here, Roque has made the following four objections to Judge Zoss's Report and Recommendation: (1) Judge Zoss failed to address his claim that staff assistance was required, in part, because of his mental health condition; (2) Judge Zoss improperly concluded that the state court's findings of fact are entitled to a presumption of correctness; (3) Judge Zoss improperly concluded that the state court's legal conclusions are entitled to a presumption of correctness under 28 U.S.C. § 2254(d); and (4) Judge Zoss improperly concluded, as a legal matter, that counsel substitute would not have been required in this case. The respondent argues that none of Roque's objections require this court to reject Judge Zoss's conclusions that Roque's constitutional rights were not violated during the prison disciplinary proceedings and that *habeas corpus* relief must be denied.

The court will consider each of Roque's objections, but like Judge Zoss, the court begins its analysis of Roque's objections with consideration of the degree of deference, if

any, that the court should give the state post-conviction relief court's findings of fact and legal conclusions, *i.e.*, Roque's second and third objections.

### 1. *Second and third objections: Deference due state court determinations*

Roque argues that the § 2254(d) standard for determination of the deference due state court findings and conclusions on a § 2254 petition "does not really apply," because the state court made no findings, as a matter of fact or law, on Roque's claim of a constitutional violation in failing to provide staff assistance despite his limited skills in English and/or his mental health status. Specifically, he contends that the state post-conviction relief court did not discuss his need for an interpreter or his ability to be understood without an interpreter, let alone whether his mental health condition might have had an impact on whether he required staff assistance or might have justified mitigation of punishment. Although he concedes that he had not clearly presented these issues to the state court, because he was proceeding *pro se*, he contends that the record made clear that he required an interpreter and that he was suffering mental health problems, at least at the time of the second disciplinary report. The respondent asserts that the state district court properly held that there was no basis for Roque's contention that holding him accountable was based on race and properly concluded that he had not been entitled to an interpreter in the prison disciplinary proceedings. The respondent also argues that Roque's mental health status was plainly evident from his disruptive behavior at the state post-conviction relief hearing, so that the state post-conviction relief court at least implicitly recognized that Roque's mental health status also did not warrant counsel substitute in the prison disciplinary proceedings. Ultimately, however, respondent points out that Judge Zoss said he would have reached the same conclusions, even if he had performed a *de novo* review.

Section 2254 of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for deferential review by the

federal courts of state court findings and conclusions in subsequent federal § 2254 *habeas corpus* proceedings. *See* 28 U.S.C. § 2254(d). However, neither the parties nor Judge Zoss cited Eighth Circuit authority holding that, when there is no state court adjudication of the issues presented in a § 2254 petition, federal appellate courts "need not apply the deferential standard of review," and, instead, "review the [federal] district court's factual findings for clear error and its legal conclusions de novo." *Armstrong v. Kemna*, 534 F.3d 857, 862-63 (8th Cir. 2008) (citing *Reagan v. Norris*, 365 F.3d 616, 621 (8th Cir. 2004)). This court concludes that the same standard of review would apply to this court's review of a federal magistrate judge's determinations in a § 2254 proceeding on issues for which there are no state court adjudications.

This court also concludes that there is no clear state court adjudication of Roque's claim that either his poor English skills or his mental health required staff assistance in his prison disciplinary proceedings. Indeed, Judge Zoss seems to have focused much more attention on whether Roque was guilty of the prison rules violations for which he was disciplined than on his actual claims for federal *habeas* relief, which are that he was improperly denied staff assistance in the prison disciplinary proceedings, despite his lack of command of English and his mental health problems.[2] Because there is no state court

---

[2]To the extent that Roque does challenge the prison disciplinary proceedings on the merits in his § 2254 Petition, rather than on the basis that he was denied staff assistance, this court agrees with both the state post-conviction relief court and Judge Zoss—on either deferential review or *de novo* review—that there was more than adequate evidence that Roque violated prison rules. Roque has repeatedly admitted to the essential conduct leading to his prison discipline, which in the first case, involved flushing a piece of paper down the toilet after a corrections officer demanded to see it, and in the second case, involved throwing water from his toilet at a corrections officer who had accused him of shouting offensive names at her. The court agrees with Judge Zoss that Roque's belated
(continued…)

7

adjudication of the pertinent issues, the court concludes that the deferential standard of § 2254(d) does not apply, *id.*, and to that extent, Roque's second and third objection will be sustained. Under the circumstances presented here, this court will review Judge Zoss's factual findings for clear error and his legal conclusions *de novo*. *Id.*

### 2. First and fourth objections: Denial of staff assistance

Roque's other objections both pertain to whether or not he was improperly denied staff assistance in his prison disciplinary proceedings. Roque's first objection is that Judge Zoss failed to address his claim that staff assistance was required, in part, because of his mental health condition, and his fourth objection is that Judge Zoss improperly concluded, as a legal matter, that counsel substitute was not required in his prison disciplinary proceedings.

#### a. Scope of Roque's claim of denial of staff assistance

Roque's objection that Judge Zoss failed to consider his claim that he was improperly denied staff assistance despite his mental health problems is well-founded. Although Judge Zoss noted in his Report and Recommendation that Roque argued that he was entitled to staff assistance in the two disciplinary proceedings "for two reasons; i.e., his illiteracy in the English language and his mental health difficulties," Report and Recommendation (docket no. 42) at 9, Judge Zoss nevertheless provided no analysis of Roque's contention concerning the need for staff assistance based on his mental health difficulties.

---

²(…continued)
assertion that the first disciplinary penalty was improper because the paper was a "legal document," is simply not credible, in light of his earlier statements that the paper in question was a "drawing." The court also agrees with Judge Zoss that Roque's excuse for the conduct leading to the second disciplinary penalty, that he threw water from his toilet at the corrections officer only after she "maced" him, is not credible.

Although the omission of such an analysis is glaring, it is not necessarily fatal to Judge Zoss's recommendation that Roque's Petition be denied, because this court, upon *de novo* review, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements). Thus, while Roque's first objection is sustained, this court may cure the deficiency in the Report and Recommendation by addressing the omitted analysis and modifying the Report and Recommendation as necessary in light of this court's own analysis of the record.

### b. *Analysis of the claim*

*i. When staff assistance is required*. The court's analysis of Roque's claim of denial of staff assistance, in its full scope, turns on when counsel substitute or staff assistance may be required in prison disciplinary proceedings. As the Supreme Court has explained, "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). On the other hand, there may be circumstances in which counsel substitute or staff assistance is required in prison disciplinary proceedings:

> The Supreme Court allows counsel substitute "[w]here an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Wolff v. McDonnell,* 418 U.S. 539, 570, 94 S. Ct. 2963, 2981-82, 41 L. Ed. 2d 935 (1974). In so holding, the Supreme Court declined to recognize a general right of a prison inmate to have counsel substitute in disciplinary proceedings. *Id.* Indeed, counsel substitute is reserved for use with a small class of inmates[.] *Brown v.*

9

*Frey,* 889 F.2d 159, 169 (8th Cir. 1989), *cert. denied,* 493
U.S. 1088, 110 S. Ct. 1156, 107 L. Ed. 2d 1059 (1990)[.]

*Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996); *see also Kulow v. Nix*, 28 F.3d 855, 857-58 (8th Cir. 1994) (also discussing when *Wolff* might require counsel substitute in prison disciplinary proceedings). As to the more specific question of whether a non-English speaking inmate is entitled to an interpreter in prison disciplinary proceedings, the Eighth Circuit Court of Appeals has noted that "[e]ven in a full-fledged criminal trial, a defendant's procedural due process rights are not violated by the failure of the state to appoint an interpreter if the defendant does not request an interpreter and the state is not otherwise put on notice of a significant language barrier." *Gonzales-Perez v. Harper*, 241 F.3d 633, 637 (8th Cir. 2001) (§ 1983 action, citing *Luna v. Black,* 772 F.2d 448, 451 (8th Cir. 1985), as holding that the district court did not abuse its discretion by not appointing an interpreter where the record indicated that the defendant could communicate in English and the defendant had not requested an interpreter); *see also United States v. Khehra*, 296 F.3d 1027, 1030 (8th Cir. 2005) ("The appointment of an interpreter is placed squarely within the court's discretion.").

  *ii. Need for staff assistance based on language difficulties*. As to the issue that Judge Zoss did address, whether Roque was entitled to an interpreter, Roque argues that his language difficulties were particularly problematic, where he was warned at the outset of the second disciplinary proceeding of the possibility of criminal prosecution for assaulting the corrections officer by throwing water from his toilet at her. Roque argues that it is one thing to assume that a disciplinary report is a simple matter, because it involved throwing water at a corrections officer, but it is another thing if the inmate is threatened with criminal prosecution and may not understand, because of language

difficulties, that he may be prosecuted and that statements that he makes in the disciplinary proceeding can be used against him.

In *Gonzales-Perez*, the Eighth Circuit Court of Appeals held that there had been no violation of a prisoner's constitutional rights when he was not provided with an interpreter in prison disciplinary proceedings, where the prisoner had received an interpreter every time that he had requested it, he had not requested an interpreter in the proceedings in question, the hearing officer had presided over numerous hearings with the prisoner both with and without the assistance of interpreters, and the hearing officer testified that he believed that the prisoner's English skills were sufficient to understand and respond to the disciplinary proceedings. *Gonzales-Perez*, 241 F.3d at 637. Here, reviewing Judge Zoss's factual findings for clear error and his legal conclusions *de novo*, *Armstrong*, 534 F.3d at 862-63, this court agrees with Judge Zoss that Roque, like the inmate in *Gonzales-Perez*, had an adequate understanding of the English language to understand and defend himself in the prison disciplinary proceedings, for example, because he had previously attended numerous prison disciplinary hearings and had never requested an interpreter; he had prepared paperwork in English on numerous prison matters; he communicated with prison staff in English; while testifying before Judge Zoss, he regularly started answering questions directed at him before the questions were translated; and in the state post-conviction relief proceedings, he demonstrated that, even when he had access to an interpreter, he was capable of expressing himself in English, even if he sometimes did so in inappropriately colorful terms. *Id.* (considering whether the prisoner had displayed sufficient ability to understand and respond to the disciplinary proceedings without the aid of an interpreter). Also, the record does not show that Roque ever requested an interpreter in the disciplinary proceedings. *Id.* ("Even in a full-fledged criminal trial, a defendant's procedural due process rights are not violated by the failure of the state to appoint an

11

interpreter if the defendant does not request an interpreter and the state is not otherwise put on notice of a significant language barrier."). Finally, the court agrees with Judge Zoss that the charges in the prison disciplinary proceedings were straightforward, so that Roque's language difficulties were not a significant impediment. *See Hudson*, 92 F.3d at 751 (staff assistance was not required where the disciplinary charges were not complex). Roque has pointed to nothing but speculation that he might not have understood the situation, because of his difficulties with the English language, in support of a contrary conclusion.

   *iii.* *Need for staff assistance based on mental health problems*. The court turns, finally, to the issue that Judge Zoss did not address, which is whether Roque's mental condition required staff assistance or counsel substitute. Roque argues that Judge Zoss noted only in passing that Roque had consulted a prison psychiatrist. Roque contends that the record shows that, at least by the time of the second disciplinary report, he was suicidal, under the care of a psychiatrist, was suffering from a major depressive disorder, and had been identified by the ALJ as an inmate with "special needs," which required the ALJ to obtain the prison psychologist's input. Roque contends that the psychologist's input consisted only of a notation that Roque should be "accountable" for his actions. Roque contends that counsel substitute should have been provided to assist him with preparation of his response to the disciplinary charges and to present evidence to the ALJ concerning his mental state in mitigation of punishment.

   The court has found no cases squarely addressing whether an inmate's mental health condition may warrant staff assistance or appointment of counsel substitute in prison disciplinary proceedings, and Roque has cited none. However, the court notes that, in *Kulow*, the Eighth Circuit Court of Appeals held that a prisoner was not entitled to counsel substitute or staff assistance based on his borderline intellectual functioning, poor

12

comprehension, and limited ability to communicate, because the district court's conclusion that the prisoner was competent to represent himself and to respond to the charges at non-complex disciplinary proceedings was not clearly erroneous. *Kulow*, 28 F.3d at 857-58. Here, Roque has not shown that his mental health condition made it difficult for him to comprehend the disciplinary charges against him, limited his ability to communicate, or otherwise limited his ability to respond to non-complex charges and proceedings. *Id*. The record also shows—and Roque concedes—that the ALJ adhered to prison policy by seeking input from the prison psychologist, because Roque had been determined to be a prisoner with "special needs." Because the prison psychologist responded by noting that Roque should be "accountable" for his actions, there was no basis for the ALJ to assume that Roque needed further assistance because of his mental health status, nor was there any reason for the ALJ to consider whether Roque's mental health status mitigated his offense or the appropriate punishment. The court cannot find, on this record, that the ALJ was somehow obligated to make further inquiry concerning Roque's mental health, as Roque contends he should have done.

    *c.*     *Summary*

Thus, considering Roque's language difficulties and mental health problems either separately or in combination, the court concludes that Roque's rights where not violated by the failure of the ALJ to appoint counsel substitute or to require an interpreter for Roque. Roque's fourth objection to Judge Zoss's Report and Recommendation is, therefore, overruled.

## III. CONCLUSION

The court finds that Roque's second and third objections, that Judge Zoss improperly applied the deferential standard of review to state court determinations established by 28 U.S.C. § 2254(d), must be sustained. The deferential standard did not apply here, because there were no state court determinations on the issues on which Roque sought § 2254 relief—whether he required staff assistance, including an interpreter, in prison disciplinary proceedings, based upon his lack of command of the English language and his mental health condition. In these circumstances, this court has reviewed Judge Zoss's factual findings for clear error and his legal conclusions *de novo*." *Armstrong*, 534 F.3d at 862-63. Roque's first objection, that Judge Zoss failed to consider his claim that his mental health condition warranted staff assistance, must also be sustained, because Judge Zoss simply never addressed that claim. The deficiency has been remedied, however, by this court's *de novo* review of the issue and modification of the Report and Recommendation to reflect this court's analysis of the issue. Roque's fourth objection, that Judge Zoss improperly concluded that Roque was not entitled to staff assistance, must be overruled. The court finds that neither Roque's lack of facility with English, nor his mental health condition, nor the combination of the two problems, required staff assistance in his prison disciplinary proceedings on the record presented here.

THEREFORE, Roque's February 11, 2009, Objections To Report and Recommendation (docket no. 45) are **sustained** as to his first, second, and third objections, but **overruled**, as to his fourth objection. The court has remedied the deficiencies in the January 14, 2009, Report and Recommendation (docket no. 42) by conducting its own *de novo* review of whether Roque was entitled to staff assistance or counsel substitute because of his mental health condition, and the Report and Recommendation is **modified** to include this court's conclusion that staff assistance or counsel substitute was not required on that

basis. The Report and Recommendation, as modified, is **accepted**, and Roque's claim for relief pursuant to 28 U.S.C. § 2254 is **denied.**

**IT IS SO ORDERED.**

**DATED** this 20th day of March, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA