# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MARIO ROQUE,<br><br>        Petitioner,<br><br>vs.<br><br>JOHN AULT,<br><br>        Respondent. | No. C 06-0128-MWB<br><br>**ORDER REGARDING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

_____

In a Request For A Certificate Of Appealability (docket no. 50), filed April 16, 2009, petitioner Roque asks the court to certify as appealable the following question:

> Should the District Court have found that Due Process required that counsel substitute be appointed in the disciplinary proceeding against Mr. Roque in February, 2005, given Mr. Roque's combination of language difficulties and mental health problems, particularly in light of the complexity of the disciplinary proceeding, including institutional warnings that criminal prosecution was possible?

The court finds that no certificate of appealability should issue.

By order dated March 20, 2009, the court denied petitioner Roque's claim for relief pursuant to 28 U.S.C. § 2254, based on his allegations that he was improperly denied staff assistance, including an interpreter, despite his lack of command of English and his mental health problems, in connection with prison disciplinary proceedings based on reported rule violations on November 30, 2004, and February 6, 2005. Those disciplinary proceedings resulted, *inter alia*, in the loss of "earned time." Somewhat more specifically, the court sustained Roque's first objection to a magistrate judge's Report and Recommendation, that the magistrate judge failed to address his claim that staff assistance was required, in part,

because of his mental health condition, but found that it could cure that deficiency in the Report and Recommendation by addressing the omitted analysis and modifying the Report and Recommendation as necessary in light of this court's own analysis of the record. The court also sustained Roque's second and third objections, which were to the magistrate judge's conclusion that deferential review should be accorded to state court findings, because this court found that there was no state court adjudication of the pertinent issues, making the deferential standard of § 2254(d) inapplicable, but this court found that this conclusion only required this court to review the magistrate judge's factual findings for clear error and his legal conclusions *de novo*. The court overruled Roque's fourth objection, however, which was to the magistrate judge's denial of relief, because this court found that, considering Roque's language difficulties and mental health problems, either separately or in combination, Roque's rights where not violated by the failure of the administrative law judge (ALJ) to appoint counsel substitute or to require an interpreter for Roque in the prison disciplinary proceedings in question.

In support of his April 16, 2009, Request For A Certificate Of Appealability (docket no. 50), seeking to appeal only on the ground that his mental condition required staff assistance, petitioner Roque contends that *United States ex rel. Ross v. Warden*, 428 F. Supp. 443 (E.D. Ill. 1977), supports his claim for relief, because that case held that the right to staff assistance should extend to a person in significant psychological distress, in that case, paranoid schizophrenia. He also argues that *Kulow v. Nix*, 28 F.3d 855 (8th Cir. 1994), which this court considered, should not be lightly overlooked, because Judge Gibson's dissent in that case pointed out that the magistrate judge who first considered the case recommended that counsel substitute should have been provided, but the district court reached a different conclusion, and even the majority seemed to accept the idea that the ALJ should consider the competence of an inmate when deciding whether counsel

substitute is required, if the inmate has significant mental difficulties of any kind. Roque then reiterates his assertion that counsel substitute or a staff assistant would have been able to advocate that his mental problems, specifically, a major depressive disorder, presented a reason that punishment should have been lessened. He also asserts an additional factor, not present in *Kulow*, that he was faced with a complex disciplinary proceeding, where he had been warned about possible criminal punishment. Thus, he contends that he has made a substantial showing of the denial of a constitutional right when he was denied counsel substitute in the prison disciplinary proceedings, despite his language and mental health difficulties, so that a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c)(2).

The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2254 or § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v.*

*Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).[1]

Contrary to Roque's contention, the court finds that Roque has not made a substantial showing of the denial of a constitutional right on his § 2254 claims, *see* 28 U.S.C. § 2253(c)(2), because he has made no showing that reasonable jurists would find this court's assessment of Roque's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. The court will explain this conclusion in somewhat more detail.

---

[1]In contrast, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

4

First, the extent of Roque's reliance on *United States ex rel. Ross v. Warden*, 428 F. Supp. 443 (E.D. Ill. 1977), in his trial brief, as here, was to assert baldly that the case stands for the proposition that an inmate in some kind of significant psychological distress is entitled to staff assistance in prison disciplinary proceedings. However, in *Ross*, the court held that the inmate's due process rights had been violated by the procedures in the disciplinary hearing, because there was no point in holding the hearing at all, where the inmate was not competent to represent himself, nor was he competent to direct another to represent him, because of his mental condition, and a staff representative would not have acted without some direction or guidance from the petitioner. *Ross*, 428 F. Supp. at 446. As relief from this due process violation of conducting a hearing when the inmate was very likely completely unable to communicate, the court held that, although counsel was not required, the petitioner was entitled to an effective spokesperson who would take the initiative in representing him. *Id.* at 446-47. Nothing in the record here shows that Roque was very likely completely unable to communicate, because of his mental condition, or that he was suffering from a mental condition as severe as that suffered by the inmate in *Ross*, so no reasonable jurist could have found that *Ross* required a result different from the one reached by this court. *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569.

Second, *Kulow* certainly does not support Roque's claim for relief. As this court explained, in *Kulow*, the Eighth Circuit Court of Appeals held that a prisoner was not entitled to counsel substitute or staff assistance based on his borderline intellectual functioning, poor comprehension, and limited ability to communicate, because the district court's finding that the prisoner was competent to represent himself and to respond to the charges at non-complex disciplinary proceedings was not clearly erroneous. *Kulow*, 28 F.3d at 857-58. Here, Roque has not shown that his mental health condition made it difficult for him to comprehend the disciplinary charges against him, limited his ability to

5

communicate, or otherwise limited his ability to respond to non-complex charges and proceedings. *Id*. The record also shows—and Roque concedes—that the ALJ adhered to prison policy by seeking input from the prison psychologist, because Roque had been determined to be a prisoner with "special needs." Because the prison psychologist responded by noting that Roque should be "accountable" for his actions, there was no basis for the ALJ to assume that Roque needed further assistance because of his mental health status, nor was there any reason for the ALJ to consider whether Roque's mental health status mitigated his offense or the appropriate punishment. The court cannot find that, even in light of *Kulow*, reasonable jurists would disagree with this court's conclusion that, on the record in this case, the ALJ was somehow obligated to make further inquiry concerning Roque's mental health, as Roque contends he should have done, or that Roque's mental condition was even as severe as the inmate's condition in *Kulow*, which the appellate court found did not require relief. *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569.

Finally, this court rejected Roque's contention that warnings that he could be subject to prosecution complicated his disciplinary proceedings, at least for someone with his language and mental health difficulties, sufficiently that counsel substitute was required, because the court found that the disciplinary proceedings were straightforward, and Roque had pointed to nothing but speculation that he might not have understood the situation, because of his difficulties with the English language or his mental condition, in support of a contrary conclusion. Again, Roque has pointed to nothing but his bald assertion that the prison disciplinary proceedings at issue here were complicated simply because he was warned of the possibility of criminal prosecution for assaulting a corrections officer or that he was unable to comprehend those proceedings, because of his mental condition. On this record, no reasonable jurist could find debatable or wrong this court's conclusion that the

proceedings were straightforward and that, even with Roque's mental difficulties, he was not entitled to staff assistance in such straightforward proceedings. *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569.

Roque simply does not make the requisite showing to satisfy § 2253(c)(2) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

THEREFORE, petitioner Roque's April 16, 2009, Request For A Certificate Of Appealability (docket no. 50) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA